**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(SOUTHERN DIVISION)

| | |
|---|---|
| **2023 B.R. HOLDINGS, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**WARREN C. WILLIAMS, JR.,** )<br>)<br>**Defendant.** )<br>_____) | Civil Case No.: GLS 17-320 |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a "Motion to Compel Post-Judgment Discovery" (ECF No. 57) ("Motion to Compel") filed by Plaintiff 2023 B.R. Holdings, LLC, ("Plaintiff"). Defendant Warren C. Williams, Jr., ("Defendant"), has not filed an opposition to Plaintiff's Motion For the reasons set forth more fully below, Defendant's motion is **DENIED**, without prejudice.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a loan collection dispute in which Plaintiff 2023 BR Holdings, LLC, sought an award of damages from Defendant Williams after he defaulted on a loan. On May 31, 2018, following a bench trial, the undersigned entered judgment in favor of the Plaintiff against Defendant Warren Williams in the amount of $449,448.17. (ECF No. 54).

On January 29, 2020, Plaintiff recorded this Court's judgment in the Circuit Court for Montgomery County, Maryland. (ECF No. 56). Shortly thereafter, Plaintiff's counsel received a voicemail from Jeffrey M. Mervis, Esq., who claimed to be "calling on behalf of [Defendant] Williams and wished to discuss a resolution." (Motion to Compel, pp. 1-2). There is no mention in the record of Plaintiff's counsel asking Mr. Mervis to enter an official notice of appearance on behalf of the Defendant in this matter.

1

According to the Plaintiff's counsel, on March 13, 2020, he served 18 Interrogatories and 29 Requests for Production of Documents ("Plaintiff's post-judgment discovery requests") on Jeffrey Carl Tuckfelt, Esq., Defendant's former counsel,[1] and a courtesy copy on Mr. Mervis. (ECF Nos. 57-1, 57-2, 57-3). Defendant's responses were due by April 13, 2020, but the Defendant did not file any responses. There is no evidence in the record that Mr. Mervis agreed to accept service of Plaintiff's post-judgment discovery requests on behalf of the Defendant.

According to Plaintiff's counsel, on May 12, 2020, he emailed Mr. Mervis to inquire about the status of Plaintiff's post-judgment discovery requests and whether Mr. Mervis still represented the Defendant. (ECF No. 57-4). There is no evidence in the record that Mr. Mervis ever replied to Plaintiff's counsel's email.

On June 10, 2020, Plaintiff's counsel received a letter from Alexander M. Laughlin, Esq., notifying Plaintiff's counsel that Mr. Laughlin's firm had been engaged to represent the Defendant. (ECF No. 57-5). That same day, Plaintiff's counsel emailed Mr. Laughlin, informing him about Plaintiff's outstanding post-judgment discovery requests and seeking clarification about the Defendant's responses. (ECF No. 57-6). On September 9, 2020, Plaintiff's counsel emailed Mr. Laughlin again regarding the status of Plaintiff's outstanding discovery requests. (ECF No. 57-7, p. 1). Mr. Laughlin replied on September 22, 2020, advising Plaintiff that he did "not have good service" on the Defendant. (ECF No. 57-8, p. 1). There is no evidence in the record that Plaintiff's counsel served Plaintiff's post-judgment discovery requests on Mr. Laughlin. Similarly, there is no evidence in the record that Plaintiff's counsel attempted to serve Defendant Williams.

On October 12, 2020, Plaintiff filed the Motion to Compel at issue here. In response to this Court's October 21, 2020 Order directing the Defendant to respond to Plaintiff's Motion to

---

[1] As discussed below, on March 13, 2020, Mr. Tuckfelt no longer represented the Defendant because his representation of the Defendant had automatically terminated pursuant to Local Rule 101.2(c).

Compel, Mr. Tuckfelt filed a "Praecipe Noting Automatic Termination of Appearance of Counsel," (ECF No. 59), explaining that pursuant to Local Rule 101.2(c) he had automatically been terminated as Defendant's counsel on August 31, 2018.  On October 21, 2020, this Court ordered Plaintiff to file a response to ECF No. 59, and "to articulate whether all of the prerequisites have been satisfied under the Maryland Rules of Civil Procedure regarding the service of process for Plaintiff's post-judgment discovery requests upon the non-represented Defendant."  (ECF No. 60).  On December 8, 2020, Plaintiff filed its "Response Re: Service of Post-Judgment Discovery Requests," (ECF No. 61) ("Response").

**II.   DISCUSSION**

Pursuant to Rule 69(a)(2), a judgment creditor may obtain discovery "[i]n aid of the judgment or execution . . . as provided in [the Federal Rules] or by the procedure of the state where the court is located."  Fed. R. Civ. P. 69(a)(2).  The Maryland Rules of Civil Procedure also permit a judgment creditor to "obtain discovery to aid enforcement of a money judgment . . . by use of depositions, interrogatories, and requests for documents."  Md. Rules 2-633.  Federal Rule of Civil Procedure 37 permits the Court to compel a party to respond to discovery requests when a party fails to do so.  Fed. R. Civ. P. 37.  "The Court has broad discretion in whether to grant or deny a motion to compel."  *Moore v. Lightstorm Ent.*, Civ. No. RWT 11-3644, 2016 WL 6822557, at *1 (D. Md. Nov. 18, 2016).

As a preliminary matter, this Court finds that Plaintiff seeks discovery on a variety of topics that are clearly discoverable as they are relevant to the Defendant's financial condition and ability to pay the judgment entered against him by the Court.  Therefore, if Plaintiff can provide sufficient proof of adequate service of this discovery request, this Court will grant the Plaintiff's Motion to Compel.  *Compare Moore v. Lightstorm Ent.*, *supra*, at *2.

The Federal Rules of Civil Procedure require that a discovery paper "be served on a party, unless the court orders otherwise." Fed. R. Civ. P. 5(a)(1)(C). "*If* a party is represented by an attorney," service "must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1) (emphasis added). But where a party is not represented by counsel, service must be made in conformance with the dictates of Rule 5(b)(2).[2]

Plaintiff argues that service of its post-judgment discovery requests upon Mr. Tuckfelt and Mr. Mervis was proper because Mr. Tuckfelt was still listed as counsel of record in the CM/ECF system and Mr. Mervis had informed Plaintiff's counsel by phone that he represented the Defendant. (Response, pp. 2-3).

This Court finds that at the time Plaintiff served Mr. Tuckfelt with its post-judgment discovery requests, Mr. Tuckfelt no longer represented the Defendant. Local Rule 101.2(c) provides, in relevant part, that "[w]hen no appeal has been taken from a final judgment, and upon

---

[2] A paper is served under Rule 5(b)(2) by:

   (A) handing it to the person;

   (B) leaving it:

     (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

     (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

   (C) mailing it to the person's last known address—in which event service is complete upon mailing;

   (D) leaving it with the court clerk if the person has no known address;

   (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or

   (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2)(A)-(F).

the resolution of any post-judgment motion or matter under L.R. 109, the appearance of an attorney is automatically deemed terminated upon the expiration of the appeal period." L.R. 101.2(c). Here, Mr. Tuckfelt's representation of the Defendant automatically terminated on August 31, 2018, as no post-judgment motions or matters had been filed pursuant to L.R. 109, and the Defendant had not noticed an appeal within 90 days of the entry of final judgment. Thus, Mr. Tuckfelt could not have accepted service of Plaintiff's post-judgment discovery requests on behalf of the Defendant because his representation of the Defendant had terminated.

In the alternative, Plaintiff argues that service of its post-judgment discovery requests on Mr. Mervis was sufficient to effectuate service on the Defendant because Mr. Mervis represented the Defendant, and therefore, Plaintiff's counsel was prohibited from communicating directly with the Defendant by Maryland Attorneys' Rule of Professional Conduct ("MARPC") 19-304.2. (Response, pp. 4-5). MARPC 19-304.2(a) provides, in relevant part, that "in representing a client, an attorney shall not communicate about the subject of the representation with a person who the attorney knows is represented in the matter by another attorney unless the attorney has the consent of the other attorney or is authorized by law or court order to do so." Here, Plaintiff contends that because Mr. Mervis informed Plaintiff's counsel that he was representing the Defendant, Plaintiff's counsel was prohibited by MARPC 19-304.2(a) from serving the Defendant with Plaintiff's post-judgment discovery requests. (Response, pp. 3-4). Plaintiff acknowledges that Mr. Mervis did not enter an appearance on behalf of the Defendant, but asserts that because Mr. Mervis told Plaintiffs' counsel that he was representing the Defendant, and "did not say otherwise" when Plaintiff's counsel inquired by email on May 12, 2020 to confirm Mr. Mervis's representation, Mr. Mervis represented the Defendant when Plaintiff served its post-judgment discovery requests on him. (Response, p. 4). Finally, Plaintiff argues that Defendant's failure to

respond to its post-judgment discovery requests is no more than a "delay tactic" and urges the Court to grant its Motion to Compel. (Response, p. 4).

This Court does not find Plaintiff's arguments persuasive. With respect to Mr. Mervis, there is no evidence before the Court that he agreed to accept service on behalf of the Defendant. Nor did Mr. Mervis enter an official appearance of record on behalf of the Defendant on the docket sheet. Thus, there is no evidence that Mr. Mervis was in fact the attorney of record for the Plaintiff. Accordingly, this Court finds that Mr. Mervis could not have accepted service of Plaintiff's post-judgment discovery requests on behalf of the Defendant absent, e.g., a written acknowledgment of his willingness to do so. With respect to Mr. Laughlin, although Mr. Laughlin notified the Plaintiff in writing of his representation of the Defendant and directed Plaintiff's counsel to "direct all future communications" to him, (ECF No. 57-5, p. 1), there is no evidence in the record that Plaintiff served its post-judgment discovery requests on Mr. Laughlin. As such there is no evidence before the Court that the Defendant has notice of Plaintiff's post-judgment discovery requests or Plaintiff's Motion to Compel.

In sum, on this less than clear record, the Court does not find that Plaintiff has properly served the Defendant with its post-judgment discovery requests. As such, Plaintiff's Motion to Compel, is denied as premature, both with respect to Plaintiff's request that the Court enter an order requiring the Defendant to respond to Plaintiff's post judgment discovery requests and an order requiring the Defendant to Pay Plaintiff's expenses incurred in making this motion.

The Court orders the Plaintiff to serve the Plaintiff's post-judgment discovery requests on the Defendant directly. *See, e.g.*, Fed. R. Civ. P. 5(b)(2)(A)-(F).

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's Motion to Compel, ECF No. 57, for failure to serve the Defendant consistent with the requirements of Federal Rule of Civil Procedure 5.  The Plaintiff is **ORDERED** to serve its post-judgment discovery requests directly on the Defendant.

Dated: May 5, 2021

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge