# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | |
|---|---|
| **2023 B.R. HOLDINGS, LLC,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **WARREN C. WILLIAMS, JR.,** ) <br> ) <br> **Defendant.** ) <br> _____) | Civil Case No.: GLS 17-320 |

## MEMORANDUM OPINION AND ORDER

On June 28, 2021, 2023 B.R. Holdings, LLC ("Plaintiff") submitted its "Renewed Motion to Compel Post-Judgment Discovery" ("the Motion"). (ECF No. 64). For the reasons set forth more fully below, Plaintiff's Motion is **GRANTED IN PART, DENIED IN PART**.

As a preliminary matter, the Court adopts the factual and procedural background set out in its Memorandum Opinion and Order issued on May 5, 2021. (ECF No. 62). In that Memorandum Opinion and Order, the Court found that Plaintiff lawfully sought discovery of information relevant to establishing the assets of Defendant Warren C. Williams, Jr. ("Defendant") to aid Plaintiff in executing the judgment entered in this case. (*Id.*). The Court denied without prejudice Plaintiff's original motion to compel, however, because Plaintiff had not properly served the Defendant with its post-judgment discovery requests pursuant to Federal Rule of Civil Procedure 5. (ECF No. 62, p. 6). The Court ordered Plaintiff to serve its post-judgment discovery requests on the Defendant directly. (ECF No. 62, pp. 6-7).

In response, on May 5, 2021 Plaintiff served its post-judgment discovery requests directly on the Defendant by regular U.S. Mail and Federal Express. The Court finds that Plaintiff timely filed documents that establish service on the Defendant, including: (1) an electronic receipt from

1

Federal Express indicating the time and date of delivery to Defendant's address; and (2) a certificate from Plaintiff's counsel stating that Plaintiff's post-judgment discovery requests were delivered by U.S. Mail and Federal Express to Defendant's address. (ECF Nos. 64-4, 63-3, respectively). Plaintiff also submitted documentation of Defendant's failure to respond to Plaintiff's post-judgment discovery requests as of June 28, 2021. (ECF Nos. 64, p. 4; 64-5; 64-6). Thus, the Court finds that Plaintiff has provided sufficient proof of adequate service of its post-judgment discovery requests on Defendant. In addition, the Court finds that Plaintiff has complied with Fed. R. Civ. P. 37(a)(1) by providing a certificate of good faith, and with Fed. R. Civ. P. 37(a)(3)(B)(iii), and Rule 37(a)(3)(B)(iv), as Defendant has failed to timely respond to the interrogatories and request for production of documents. Thus, the Motion will be granted. Defendant shall be compelled to answer the interrogatories and request for production of documents.

Finally, Plaintiff requests the award of attorney's fees. (ECF No. 64 p. 3). Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[1] The Court will evaluate later whether the Defendant has had a sufficient opportunity to be heard. *See Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, Civ. No. JKB 17-3690, 2018 WL 6305779, at *3 n.2 (D. Md. Dec. 3, 2018) (holding non-moving party had sufficient opportunity to be heard, pursuant to Fed. R. Civ. P. 37(a)(5)(A), where party did not file opposition to motion to compel during fourteen-day response period or move for leave to file a

---

[1] However, the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), (iii).

late response in the weeks that followed). Accordingly, the request for the award of attorney's fees is denied without prejudice at this time.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART,** Plaintiff's Renewed Motion to Compel Post-Judgment Discovery. Defendant is **ORDERED** to provide complete written answers to Plaintiff's post-judgment interrogatories and produce all documents consistent with this Opinion and Order within ten (10) calendar days of the entry of this Order.

Plaintiff's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.


Dated: July 12, 2021                                  /s/
                                                                              The Honorable Gina L. Simms
                                                                              United States Magistrate Judge