IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| 2023 B.R. HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: GLS 17-320 |
| | ) | |
| WARREN C. WILLIAMS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OPINION AND ORDER

On December 7, 2021, 2023 B.R. Holdings, LLC ("Plaintiff") submitted its "Motion for Sanctions ("the Sanctions Motion").  (ECF No. 66).  For the reasons set forth more fully below, Plaintiff's Motion is **GRANTED IN PART, DENIED IN PART**.

As a preliminary matter, the Court adopts the factual and procedural background set out in its Memorandum Opinions and Orders issued on May 5, 2021 and July 12, 2021.  (ECF Nos. 62, 65).  In brief, the Court previously found that Plaintiff lawfully sought discovery of information relevant to establishing the assets of Defendant Warren C. Williams, Jr. ("Defendant") to aid Plaintiff in executing the judgment entered in this case.  (*Id.*).  In addition, the Court ordered the Defendant to provide complete discovery responses to the interrogatories and produce all documents within ten days of July 12, 2021.  (ECF No. 65).

Appended to the Sanctions Motion is proof that the Plaintiff provided Defendant with a copy of the Court's July 12, 2021 order via Federal Express on July 23, 2021.  (ECF No. 66-1).  In addition, according to the Plaintiff, on October 27, 2021 Plaintiff served upon the Defendant a letter (via Federal Express), which notified him of its intent to file a motion for sanctions to ask that the Court hold him in contempt of court for failing to comply with the July 2021 Order.  (ECF

No. 66-2).  According to the Plaintiff, as of December 2021, the Defendant has failed to comply with this Court's July 12, 2021 order.  (ECF No. 66, pp. 3-4).

In its Sanctions Motion, Plaintiff seeks two forms of relief.  First, that this Court hold Defendant in civil contempt, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), for failing to comply with its July 2021 order.  As a remedy for Defendant's conduct, Plaintiff requests that the Defendant be ordered to pay $100/day for up to fifteen days until he responds to the document requests and answers the interrogatories; and, if upon expiration of the fifteen days he still has failed to respond, that Defendant be incarcerated until such time as he provides full and complete answers.  Second that, consistent with Fed. R. Civ. P. 37(a)(5)(A), Plaintiff should be permitted to file a petition for attorney's fees to collect payment for the legal fees incurred in connection with its preparation and filing of a renewed to compel.  (ECF No. 66, pp. 4-6).

A federal court has broad discretion to impose sanctions upon party that fails to obey a discovery-related order.  Fed. R. Civ. P. 37(d).  Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii), a court may "treat [] as contempt of court the failure to obey an order except an order to submit to a physical or mental examination."

In order to hold a party in civil contempt, the movant must persuade the court that clear and convincing evidence exists to support the following elements:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor;" (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)(*quoting Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).  Clear and convincing evidence shall "place in the ultimate factfinder an abiding conviction that the truth of [the party's] factual contentions are 'highly probable.'" *Ali*,

874 F.3d at 831(*quoting Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).  The *Ali* court further made clear that once the moving party satisfies its burden, the burden shifts to the contemnor to establish that "'[it] ma[de] in good faith all reasonable efforts to comply [with this Court's order].'" 874 F.3d at 832 (*quoting United States v. Darwin Constr. Co.*, 873 F.2d 750, 754 (4th Cir. 1989)).

Upon a finding of civil contempt, this Court has the power to impose a fine or incarcerate the contemnor to try to persuade him to provide answers and produce documents.  *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 537 (D. Md. 2010).  If a court incarcerates the contemnor, the person must remain in custody unless and/or until he performs the acts required by the court's order.  *Hicks v. Feiock*, 485 U.S. 624, 632 (1988).

Analyzing the facts under *Ali*, this Court preliminarily finds that Plaintiff has met its burden to establish all four elements.  However, the Court has not heard from Defendant as to why he has failed to comply with the Court's order.  Accordingly, the Plaintiff's request for the immediate imposition of civil contempt sanctions is **DENIED AS PREMATURE**.  Defendant is hereby **ORDERED** to appear in court as set forth below, and show cause as to why he should not be held in civil contempt for failure to comply with the Court's July 12, 2021 order. In addition, because the Defendant does not appear to be represented by counsel, *see* ECF No. 59, it is unlikely that he appreciates that he may be found in contempt and subject to sanctions, including imposition of fines or arrest and incarceration until he complies with the Court's order.  Accordingly, he may choose to obtain counsel to represent him at the April 12, 2022 hearing.

Regarding the request for attorney's fees and costs, this Court hereby **GRANTS** the request to allow Plaintiff to file a petition.  More than seven months has passed since Plaintiff served a copy of the Court's July 12, 2021 order upon the Defendant, (ECF No. 66-1), and more than four months has elapsed since the Defendant was notified that Plaintiff would seek sanctions.  (ECF

66-2).  The Defendant has had sufficient opportunity to respond, yet has not done so.  *See Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, Civ. No. JKB 17-3690, 2018 WL 6305779, at *3 n.2 (D. Md. Dec. 3, 2018) (holding non-moving party had sufficient opportunity to be heard, pursuant to Fed. R. Civ. P. 37(a)(5)(A), where party did not file opposition to motion to compel during fourteen-day response period or move for leave to file a late response in the weeks that followed).

In sum:

(1) The Defendant, Warren C. Williams, Jr. is hereby **ORDERED** to appear **on April 12, 2022 at 2:00 p.m. in Courtroom 3B of the U.S. District Court-Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770**, and show cause as to why he should not be held in civil contempt of court;

(2) The Clerk of the Court shall mail a copy of this Order via **certified mail** to Warren C. Williams, Jr. to 3701 Village Park Drive, Chevy Chase, MD 20815;

(3) Counsel for Plaintiff shall also provide a copy of this Order to Warren C. Williams and shall file a document confirming that a copy has been provided to him; and

(4) By no later than **April 26, 2022**, Plaintiff shall be permitted to file a petition for attorney's fees and costs related to its efforts in connection with its renewed motion to compel post-judgment discovery, as well as its subsequent efforts to obtain answers and documents related to the same. That petition shall comply with the United States District Court for the District of Maryland: Local Rules, Appendix B, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases ("*the Guidelines*" or "Loc. R., App. B.").

Dated: March 14, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge