IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| **2023 B.R. HOLDINGS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: GLS 17-320 |
| | ) | |
| **WARREN C. WILLIAMS, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

The Defendant, Warren C. Williams, Jr. ("Defendant") has filed a "Motion for Leave to File Document Under Seal and Entry of Protective Order," ("Motion for Leave"). (ECF No. 73). The Defendant has also filed under seal a "Memorandum of Law in Support of Defendant's Opposition to Plaintiff's Motion for Sanctions," and a document in support thereto. ("Memorandum and Exhibit"). (ECF Nos. 74, 74-1). Plaintiff 2023 B.R. Holdings, LLC ("Plaintiff") has filed an "Objection to Defendant's Motion to Seal." (ECF No. 75). The Defendant has filed a Reply. (ECF No. 78). The matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth more fully below, the Defendant's Motion is **GRANTED IN PART, DENIED IN PART**.

The Court has previously set forth the factual and procedural background in written memorandum opinions and oral orders. (ECF Nos. 62, 65, 67). Thus, only the new factual and procedural history are set forth herein.

On April 11, 2022, counsel for the Defendant entered her appearance in this matter. (ECF No. 69). On April 12, 2022, the Court conducted a show cause hearing related to the Defendant's non-responsiveness to Plaintiff's post-judgment discovery requests. (ECF No. 71). Following the

hearing, the Court permitted the Defendant to supplement his oral arguments regarding to why the Court should not hold him in contempt or impose sanctions for his non-responsive behavior. (ECF No. 72). In response to the Court's April 12, 2022 Order, the Defendant timely filed his Motion for Leave and the Memorandum and Exhibit. (ECF Nos, 73, 74, 74-1).

In this District, Local Rule 105.11 (D. Md. 2021) provides:

> Any motion seeking the sealing of pleadings, motions, exhibits or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation as to why alternatives to sealing would not provide sufficient protection. The Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties.

In addition, the Fourth Circuit has outlined the requirement for filing documents under seal in a case called *Ashcraft v. Conoco*, 218 F.3d. 288 (4th Cir. 2000). Specifically, the appellate court held:

> Before a [court] may seal any court documents. . .it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supports its decision to seal the documents and for rejective the alternatives. These procedures "must be followed when a district court seals judicial records or documents."

218 F.3d 288, 302 (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988) and *citing In re: Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984)).

In the Motion for Leave and the Reply, Defendant seeks: (a) permission to file the Memorandum and Exhibit under seal; and (b) to preclude Plaintiff's counsel from redisclosing or discussing the Memorandum and Exhibit with Plaintiff. (ECF Nos. 73, 78). In addition, the Memorandum submitted sets forth the Defendant's arguments as to why the pleading and exhibit

should be sealed.  The Memorandum also contains the Defendant's arguments as to why he should not be sanctioned for his failure to comply with the Court's prior discovery orders, and the attached Exhibit is submitted as factual proof of the representations made by counsel in the Memorandum. (ECF Nos. 74, 74-1).

The Plaintiff objects to the Defendant's Motion for Leave, advancing two arguments.  First, that the Defendant's Motion for Leave fails to articulate sufficient reasons to justify keeping both the Memorandum and Exhibit under seal.  To be clear, the Plaintiff does not strongly dispute that if the Exhibit is a medical record,[1] then a basis does exist for keeping such material under seal. (ECF No. 75, pp. 1-2).  Second, that Defendant fails to provide any reasons to justify his request to preclude counsel from sharing the Memorandum and Exhibit with his client, a party to this case. (*Id.*).

The Court finds that contemporaneously with the filing of the Motion to Seal, the Clerk's Office has made an entry in the case's docket sheet, which notifies the public that the Court has to consider whether the Memorandum and Exhibit belong under seal.  (ECF Nos. 73, 74).  The Court also finds that the representations made in the Motion to Seal provide the public with sufficient information to understand the nature of what is occurring, should anyone wish to object.  In addition, the Court finds that more than fourteen days has passed since the Defendant filed the Motion for Leave, and that only the Plaintiff has timely filed an objection.  Thus, the Court may, consistent with Local Rule 105.11, now issue its ruling.

---

[1] To the extent that it is not clear, it is the Court's understanding that Plaintiff is unable to access ECF Nos. 74 and 74-1 in the CM/ECF system. Despite this fact, the Defendant makes clear in his Reply that he will provide Plaintiff's counsel with a "full opportunity to review the documents."  (ECF No. 78, p. 3).  The Court thus infers that the Defendant has agreed to provide both the Memorandum and Exhibit to Plaintiff's counsel.

The Court first finds that the Defendant has agreed to provide counsel for the Plaintiff with copies of the Memorandum and Exhibit, and hereby ORDERS the Defendant to do so, under the terms outlined in the order issued today.

Next, the Court finds that Defendant has clearly articulated reasons, supported by specific factual representations, to justify the sealing of the Memorandum and Exhibit, and that redaction of the Memorandum and Exhibit is not a sufficient alternative given the contents and subject matter of the same. In particular, the Court finds that the Exhibit contains the type of personal, sensitive confidential information that can appropriately be filed under seal, *see e.g.*, *Briggs v. Marriott Int'l, Inc.*, 368 F. Supp. 2d. 461, 463 n. 1 (D. Md. 2005). In addition, the Defendant does not appear to object. (ECF No. 75, p.1). Indeed, courts routinely enter protective orders to safeguard the kind of sensitive information that is contained in Exhibit 1. *See generally Kraft v. Yarborough*, Civ. No. PJM 14-936, 2014 WL 11395642, at *2 (D. Md. Oct. 15, 2014).

Turning to the Memorandum, the Court holds that the pleading contains arguments that specifically relate to the Exhibit, and cannot be sanitized in such a way as to adequately maintain the confidentiality that attaches because of the Exhibit. Accordingly, the Court holds that the Memorandum and Exhibit should not be disclosed to the public because countervailing confidentiality interests outweigh the public's interest in disclosure of the information. *See Norris v. PNC Bank, N.A.*, Civ. No. ELH 20-3315, 2022 WL 180753, at *7 (D. Md. Jan 19, 2022) (confidential information may be subject to protection from disclosure to the public). The Motion to Seal is GRANTED.

Regarding the Defendant's request for issuance of a protective order, it will be granted in part and denied in part. As stated previously, the Court finds that a protective order governing the use of the Exhibit is appropriate. Relatedly, the Court finds that a protective order governing the

4

use of the Memorandum is appropriate, as it, too, contains confidential information that should be protected. However, with respect to the Defendant's request to preclude Plaintiff's counsel from redisclosing or discussing the Memorandum and Exhibit with Plaintiff, the Court denies that request. In essence, what Defendant seeks is an "attorney's eyes only" designation to limit the use of the documents.

Fed. R. Civ. P. 26(c) provides that a court may issue a protective order upon a showing of good cause, in order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." The burden is on the movant to demonstrate "good cause," and the movant may not rely upon "stereotyped and conclusory statements, but must present a particular and specific demonstration of fact as to why a protective order should issue. *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). In support of his request, the Defendant argues, without elaboration, that "given the nature of the relationship between [the Defendant] and Plaintiff," nondisclosure is appropriate. (ECF No. 73, p. 1). The Defendant does not provide any particularized statements of fact as to why an "attorney's eyes only" protective order should be imposed. Nor does the Defendant provide any caselaw to support his argument that nondisclosure of the Exhibit and Memorandum to a party is appropriate. In the absence of good cause, the request to prevent Plaintiff's counsel from sharing the Memorandum and Exhibit with the Plaintiff will be denied. However, given the confidentiality issues concerned, the Court does find it appropriate that Plaintiff's counsel shall not share the Exhibit and Memorandum with his client until a protective order is in place.

In sum, the Court grants the request for a protective order related to the Exhibit and Memorandum, but denies the non-disclosure request. The parties shall meet and confer to discuss and draft a protective order, as specified in the Court's order also issued today. Plaintiff's counsel

shall not share the Exhibit and Memorandum with his client until the Court issues the protective order.

Finally, because the Court has ordered the Defendant to provide Plaintiff's counsel with a copy of the Memorandum and Exhibit, the Court now addresses the Defendant's Request contained therein for an additional three months (i.e., until on or about July 12, 2022) to provide responses to Plaintiff's discovery requests.

The Court previously ordered the Defendant to comply with the post-judgment discovery requests by no later than July 22, 2021, roughly ten months ago. (ECF No. 65). That Order was served on the Defendant. (ECF No. 66). The Plaintiff has been waiting almost one year since the Court issued its July 2021 Order to receive the materials. The Court further finds that, as of the date of this Order, approximately thirty days has transpired since the Defendant filed his Motion for Leave. Thus, the Defendant has already had thirty days to comply with the Court's Order related to the post-judgment discovery requests.

Accordingly, the Court DENIES the Defendant's request to submit all of the materials by no later than July 12, 2022. On this record, the Court finds that request to be unreasonable. The Court hereby ORDERS the Defendant to provide all responsive post-judgment discovery materials by no later than June 13, 2022. As a practical matter, then, the Defendant will have had an additional sixty days since he made his extension request to comply with the Court's July 2021 Order. To the extent that the Plaintiff wishes to be heard on this issue, the Court's order issued today sets forth how that request may be heard.

Dated: May 16, 2022

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge